## LENNOX et al. v. ISBELL et al.    (No. 2637.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 1, 1922. Rehearing Denied Dec. 14, 1922.)

1. Boundaries ⬪⟞33—Plaintiffs in suit involving boundary line dispute have burden of proving their contention as true location.

In a suit involving a disputed boundary line, plaintiffs have the burden of proving their contention as its true location.

2. Boundaries ⬪⟞37(3)—Evidence held insufficient to sustain finding as to location of line.

Evidence *held* insufficient to sustain finding as to the location of a disputed boundary line between surveys.

3. Judgment ⬪⟞956(5)—Finding against plea of res judicata in boundary suit sustained.

Evidence *held* sufficient to sustain a finding against a plea of res judicata in a boundary suit.

Appeal from District Court, Red River County; H. R. O'Neal, Judge.

Action by J. A. Isbell and others against H. H. Lennox and others. From a judgment in favor of plaintiffs, defendants appeal. Reversed and remanded.

A. P. Parks, of Paris, and Lennox & Lennox, of Clarksville, for appellants.

J. Q. Mahaffey, of Texarkana, and T. T. Thompson, of Clarksville, for appellees.

HODGES, J. In February, 1918, the appellees sued the appellants in the form of an action of trespass to try title to recover a tract of land described as a part of the Tucker survey situated in Red River county. In addition to the general issue, appellants specially pleaded in bar a former judgment, which will be more fully described later. The evidence shows that the appellants owned a body of land situated in the McKinney & Williams survey and the N. H. Boone survey, both of which lie adjacent to and north of land claimed by the appellees. In the trial below it was agreed that this is a boundary suit; that, if the land in controversy is a part of the Boone and the McKinney & Williams surveys, it belongs to the appellants, and, on the other hand, if it is a part of the Tucker survey it belongs to the

appellees. It is therefore conceded that the true north boundary line of the Tucker survey is the south boundary line of the McKinney & Williams and Boone surveys. The strip of land in controversy is something over 100 varas in width, and is partially within the appellants' inclosure. In response to special issues submitted by the court, the jury found the location of the disputed line to be as claimed by the appellees. They also found against the appellants upon their plea of res adjudicata. The sufficiency of the evidence to sustain those findings is questioned in this appeal, and presents practically the only issues that call for a discussion.

[1, 2] The appellees, being plaintiffs below, had the burden of proving their contention regarding the true location of the disputed line. To support the finding of the jury they relied mainly upon the testimony of J. H. Smelser, who, at the instance of appellee, made a survey of the land and located the lines a short time prior to the filing of this suit. The record shows that the N. H. Boone tract was originally surveyed in 1838, and was patented in 1856. It is a large body of land, irregular in form, and having a number of corners. The McKinney & Williams tract was located upon a 320-acre abandoned survey formerly made by Jacob Kennedy in 1863. This survey adjoins the Boone on the west. The southwest corner of the Boone is the southeast corner of the McKinney & Williams. The south boundary line of the McKinney & Williams running west from the common corner is deflected north a few degrees. Otherwise the south boundary lines of these two surveys would form a continuous straight line.

According to appellees' witness Smelser, he began his survey at what he took to be the northeast corner of the Boone, at an intersection of two old marked lines. When those lines were made, or by whom, does not appear. He ran south on the east side of the Boone according to calls for course and distance, then ran east about 720 varas, but found no corners called for in the original field notes. Immediately east of the Boone lies the Watkins survey, which was called for in the field notes of the patent issued to the Boone. In running the second call south, Smelser ran according to the calls for course and distance in the Boone survey, but stopped 155 varas north of the calls in the field notes of the Watkins survey. The end of this line is the beginning corner of the Boone survey as described in the field notes of the original survey and also in the patent. In the original field notes the call is for certain marked trees, which cannot now be found upon the ground. In the patent the call is to begin at the southwest corner of the Watkins.

The evidence makes it clear that there are now no well-defined marked corners or lines by which the Boone survey could be identi-

fied, unless it be at a corner on the west side and on the north line of the McKinney & Williams. The testimony shows that on the west side of the Boone survey, where it corners on the north line of the McKinney & Williams, there are two well-marked trees. One of these corresponds to the calls in the original field notes; the other bears the same marks practically, but is a different kind of a tree. That is the only established corner which could be found on either the McKinney & Williams or the Boone surveys. When surveyed from that corner, the line in dispute would be considerably further south than where Smelser located it. It would serve no useful purpose to discuss at length the testimony adduced on the trial of this case. We deem it sufficient to say that the record has been closely examined, and we have arrived at the conclusion that the testimony is too unsatisfactory to support the findings of the jury.

[3] Appellant also insists that the evidence is insufficient to sustain the finding of the jury upon the plea of res adjudicata. The record shows that the Tucker tract of land was conveyed to R. Isbell, the father of the appellees, in 1911; the consideration being $1,400 cash, the assumption by Isbell of $740 due the state of Texas, and a series of notes thereafter maturing. In May, 1913, while the record title was still in R. Isbell, there was a suit between R. Isbell and the appellants regarding the location of the line now in dispute. In that suit a judgment was entered, establishing the line considerably north of where the appellees now claim it should be. It is that judgment which the appellants have pleaded as res adjudicata of the question involved in this controversy.

In order to evade the force of that judgment the appellees pleaded and proved that prior to the time the controversy between their father and the appellants arose they had purchased from their father the Tucker survey, agreeing to assume the payment of the notes thereafter to become due for the purchase price of the land; that, while no written conveyance was at the time made to them, they went into actual possession of the premises, made improvements amounting in value to the sum of $1,000, and paid approximately $1,400 of the debts due, before the suit against their father was filed. They rely upon those facts to sustain the parol conveyance made to them by their father. We are of the opinion that the facts are sufficient to support the finding of the jury upon that issue. Appellees were not parties to the former suit, but were in the actual possession of the property, and that possession was sufficient notice to appellants of the interest claimed in the land. The remaining assignments are overruled.

We conclude, however, that the judgment should be reversed and remanded for another trial, upon the ground that the evidence was

insufficient to sustain the finding of the jury as to the location of the true boundary line; and it is accordingly so ordered.